**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| EPIC GAMES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HAYDEN COHEN,<br><br>Defendant. | Civil Action No. 5:26-CV-135-BO-RN |

**STIPULATED INJUNCTION**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**FINDINGS AND CONCLUSIONS**

1. This is an action by Epic Games, Inc. ("Epic") against Defendant Hayden Cohen ("Defendant") for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152, *et seq.*, breach of contract, and violation of North Carolina Unfair Competition Law, N.C. Gen. Stat. § 75-1.1, *et seq.* ("Epic's Claims").

2. The Complaint alleges that Defendant, operating under the aliases "AdiraFN" and "AdiraFNInfo" on the social media platforms X (formerly Twitter) and Discord, repeatedly misappropriated and publicly disclosed Epic's trade secret and confidential information regarding numerous upcoming and unannounced *Fortnite* content releases and collaborations to thousands of followers in violation of the Mutual Nondisclosure Agreement between Epic and Defendant.

3. In the Complaint, Epic sought an injunction, among other relief.

4. The Court has jurisdiction over the subject matter of the federal claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under federal law, including the Defend

Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* The Court has supplemental jurisdiction over Epic's related state law claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b).

6. The Court has personal jurisdiction over Defendant for the purposes of entry and enforcement of this injunction.

7. Based on Epic's Consent Motion, this Court entered Judgment against Defendant on Epic's Claims and awarded this injunction. The Court understands that Defendant has permanently destroyed all of Epic's confidential or trade secret information in Defendant's possession, custody, or control.

8. Accordingly, and based on Epic's Consent Motion, the parties have also stipulated to the injunctive relief set forth below.

**INJUNCTION**

Defendant and his successors, assigns, parent entities, subsidiaries, officers, directors, members, shareholders, distributors, agents, affiliates, and all other persons who are in active concert or participation with him, or who receive actual notice of this Injunction by personal service or otherwise are permanently enjoined and restrained from possessing, accessing, using, or disclosing any of Epic's confidential or trade secret information, or aiding, assisting or supporting, in any way, any other person or entity in undertaking such actions.

IT IS FURTHER ORDERED that this Injunction is final and may not be appealed by either party. The Court shall retain jurisdiction for the purposes of construing, modifying, and enforcing this Injunction.

This the 9 day of July, 2026.

By: Terrence Boyle
TERRENCE W. BOYLE
United States District Judge

STIPULATED AND AGREED TO:

For Plaintiff Epic Games, Inc.:

Signed by:
Reginald Davis
CEDA63BCB8504B1

Name: Reginald Davis
Title: Epic General Counsel

June 22, 2026
Date

For Defendant Hayden Cohen:

06/18/2026
Date